[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 4, 1989, James Hennessey, the general partner of JHRW, and Melissa J. Wetmore signed a lease whereby she would become a tenant for a term of two (2) years and be responsible for approximately 1600 square feet of store space in a single-story building known as Brushy Hill on Brushy Plains Road in Branford, Connecticut. Mr. Steve Zielinski also signed the lease in the capacity of tenant. In addition, Steve Zielinski and defendant Melissa Wetmore signed a personal guarantee guaranteeing the performance of their financial and other obligations under the written lease. The lease designated that the tenants would use the store space for the sale of lingerie and gift wrap. The store was named La Trend. CT Page 8531
The lease provided in material part that occupancy would commence on or about August 1, 1989, and that the rental payment would be $1,466.67 monthly. The lease stated further that Melissa Wetmore and Stephen Zielinski would be assessed late charges, and interest on any unpaid rent, as well as the cost, including attorney's fees, incurred in effecting collection of any amounts due. The defendant delivered to the landlord a security deposit in the amount of $1,765.34.
An additional document which defendant Melissa Wetmore and Steve Zielinski signed is one entitled Maintenance Agreement. The maintenance agreement acknowledges that an entity known as Presidential Homes, Inc. shall manage the property on behalf of JHRW. Defendant Melissa Wetmore and Steven Zielinski obligated themselves under the management agreement to pay $298.67 per month to plaintiff Presidential Homes, Inc. as common charges, and to pay late fees, and interest if the common charges were not paid in a timely manner. The common charges were subject to an adjustment on or about the first day of each year thereafter. Melissa Wetmore is the only defendant in this action.
The grand opening of the tenants' store was celebrated on August 4, 1989. The tenants vacated the premises on April 30, 1990. The business at the store did not generate sufficient income to enable them to pay rental and common charges on a regular basis. The Court finds that plaintiff JHRW took possession of the premises in mid September of 1990. By taking possession of the premises JHRW demonstrated an unequivocal act which terminated the lease. SagamoreCorporation v. Willcutt, 120 Conn. 316, 317, 318 (1935).
Plaintiff JHRW is seeking damages as recovery for unpaid rent, late charges, and interest for breach of lease. In addition, JHRW seeks to recover its cost of collection, including its attorney's fees as allowed in the lease. Plaintiff Presidential Homes, Inc. is seeking damages as recovery for unpaid common charges, late fees, and interest for breach of the maintenance agreement. The management agreement does not contain a provision obligating the defendant to pay the attorney's fees of Presidential Homes, Inc. CT Page 8532
From the evidence presented at the trial of this case the Court finds that the plaintiffs have established the principal allegations in their complaint by a fair preponderance of the evidence, and that, therefore, they are entitled to a judgment in their favor. Accordingly, the Court hereby enters judgment for the plaintiffs as follows:
 1) For JHRW Rent $ 14,236.65[1]
Interest 7,613.68 Late charges 916.62 Attorney's fees 4,094.00 --------- Total 26,860.95
 2) For Presidential Homes, Inc. Maintenance charges $ 4,084.68 Interest 2,274.22 Late charges 250.00 --------- Total 6,608.90
Clarance J. Jones, Judge